IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISTAN D. ALLAN,<br><br>                Plaintiff,<br><br>   v.<br><br>P. SAHOTA, et al.,<br><br>                Defendants. | No. 2:16-cv-0695 MCE AC P<br><br>ORDER |

       On September 18, 2018, defendants Sahota, Chaiken, and Porsona filed a motion to compel discovery responses and deem certain matters admitted based on plaintiff's failure to respond to interrogatories, requests for production, and requests for admissions that defendants had served on plaintiff. See ECF No. 43 et seq. The motion requests that plaintiff be ordered to provide responses to defendants' interrogatories and requests for production. See ECF No. 43-1 at 3. It also requests that this court deem admitted defendants' requests for admission. See id. at 3-4.

       On November 19, 2018, defendants filed a reply in support of the motion to compel. ECF No. 45. Defendants point out the fact that plaintiff has not responded to the motion to compel within the requisite twenty-one-day period. As a result, they request that their motion to compel be granted. See id.

To date, plaintiff has not filed a response to the motion. Despite this fact, for the reasons stated below, the court will grant defendants' motion in part and deny it in part.

The motion and supporting declarations demonstrate that despite plaintiff's representation to defense counsel that the prison has been on periods of lockdown (see generally ECF No 43-3 at 2), plaintiff has had more than enough time to respond to defendants' discovery requests. Plaintiff was served defendants' first sets of interrogatory, production and admission requests a year ago, on November 20, 2017. See id. at 1-2. Defendants have not only been diligent in attempting to obtain discovery responses from plaintiff, it appears that they have also been more than accommodating to plaintiff, allowing him significant flexibility with respect to filing deadlines. See, e.g., ECF No. 43-3 at 2 (indicating between February 2018 and September 2018, plaintiff both actively and constructively requested extensions of time to file discovery responses). Finally, defense counsel states that on September 13, 2018, plaintiff refused to accept a call from defense counsel to discuss the instant motion and plaintiff's discovery responses. See id. at 2.

These facts suggest that plaintiff is not acting in good faith with respect to the discovery process, which warrants a full grant of each of defendants' requests and could support more serious sanctions. See Fed. R. Civ. P. 37(b)(2); see also Local Rule 230(l). Moreover, plaintiff's failure to respond to the motion to compel demonstrates a lack of respect for the court and a failure of plaintiff's responsibility as the party bringing this lawsuit. Defendant's motion will be granted in full. Plaintiff is cautioned that failure to provide the discovery responses ordered below could result in terminating sanctions, meaning dismissal of this action. Id. There will be no extension of the deadlines set below.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to compel, ECF No. 43, is GRANTED;
2. Plaintiff shall serve responses to Defendant Sahota's interrogatories numbered 1-9, Defendant Porsona's interrogatories numbered 1-5, and Defendant Chaiken's interrogatories numbered 1-4, within thirty days after the date of service of this order;

3. Plaintiff shall serve responses to Defendants' requests for production numbered 1-12 within thirty days after the date of service of this order; and

4. The matters stated in Defendants' requests for admission numbered 1-17 are deemed admitted.

DATED: November 20, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE